## Minnie C. Painter, Appellant, v. Howard Durham, Appellee.

### Gen. No. 20,964.    (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. JAMES C. MARTIN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Reversed and judgment here. Opinion filed December 8, 1915. Rehearing denied December 20, 1915.

### Statement of the Case.

Action by Minnie C. Painter, plaintiff, against Howard Durham, defendant, in the Municipal Court of Chicago, to recover on a contract for services. From a judgment for plaintiff for $4.26, plaintiff appeals.

This was an action of the first class in the Municipal Court of Chicago, brought by the appellant (hereinafter called the plaintiff) against the appellee (hereinafter called the defendant) to recover a balance of $955.26, and interest, alleged to be due the plaintiff for services as a "graduate professional nurse," rendered to the defendant under an alleged contract. Plaintiff's statement of claim, as amended, alleges, in substance, that she rendered services to certain members of the defendant's family as a "graduate professional nurse," for a period of eighty-one weeks, from March 16, 1908, to and including October 19, 1909 (except two weeks, from July 25, 1908, to August 10, 1908), at an agreed rate of $25 per week, making a total of $2,025; that the defendant was entitled to credit for payments aggregating $1,069.74, leaving a balance due to plaintiff of $955.26, with interest. The defendant filed an affidavit of merits in which he denied the

employment of the plaintiff for a longer period than seventy-nine weeks; denied any contract or agreement with the plaintiff to pay her at the rate of $25 per week, or that he ever ratified any such alleged agreement; and averred that there was never any contract or agreement as to the rate of pay of the plaintiff; that she was entitled to payment only at a reasonable rate for the nature and kind of services performed; that plaintiff rendered services as a "graduate professional nurse" for twenty-six weeks only, and that for such service $25 per week is reasonable, making a total of $650; that for the remaining sixty-three weeks plaintiff rendered services only as a practical or untrained nurse, for which $8 per week is reasonable and ample compensation, making a total of $424; that plaintiff earned for her entire services to the defendant a sum not exceeding $1,074; that defendant has paid to plaintiff $1,069.74, leaving a balance of $4.26 due the plaintiff.

The defendant testified as follows: "That on the 9th or 10th of May, 1909, Miss Painter rendered me a statement and asked for some money. I had been giving her money as she asked it during this time. The statement showed that I owed her at the rate of $25 a week a little over $1,000. I wrote Miss Painter a check for $300. I told her I had no idea she would charge me $25 a week for every week she had been with me, that I thought it was unfair, that I could not afford to pay it, that I could not afford to keep her at that rate and that if she was going to stay with me any longer she would have to reduce her bill and reduce her charge for the future. That is the payment appearing on statement of claim under date of May 11, 1909. The Court: Q. What did she say when you told her she would have to reduce her bill? A. She said she didn't see how she could do it, etc., but I told her I could not afford to keep her any longer at that rate. It was a pleasant friendly conversation and we left it that

way, that I could not afford to pay it.'' The defendant further testified that he never at any time during the period of employment told the plaintiff that he considered her as anything else than a professional nurse; that after the said conversation he permitted the plaintiff to continue in her work and nothing further was said or done in reference to her work or pay.

ALEXANDER J. INNES, for appellant.

CHARLES H. WELLS, for appellee.

MR. PRESIDING JUSTICE SCANLAN delivered the opinion of the court.

## Abstract of the Decision.

1. MASTER AND SERVANT, § 81*—*when compensation for continued services presumed to be same as formerly.* Where plaintiff performs services as "a graduate professional nurse" for defendant for a period during which defendant without objection pays plaintiff at stated rate of compensation, and where after such period plaintiff continues to perform services and defendant continues to accept such services without giving notice of any change in such rate, the rate of compensation for such continued services is presumed to be the same as for those for which defendant paid, although such continued services may be slightly different and less exacting than formerly, provided that during such continued services plaintiff was expected at all times to hold herself in readiness to perform the same services as formerly, if required.

2. MASTER AND SERVANT, § 81*—*when employee presumed to have assented to new contract.* If after notice of a proposed change in the terms of an employment an employee continues in the service of an employer without objection, he is presumed to have assented to the new contract and that subsequent services were rendered thereunder.

3. MASTER AND SERVANT, § 84*—*when evidence insufficient to establish assent by employee to change in terms of employment.* In an action to recover for services, where after an objection by the employer to the rate of compensation which had previously been paid to the employee and a request for a reduction in the rate charged the employee continued in the service of the employer, evidence examined and *held* insufficient to warrant an inference that

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

after such objection and request the employee assented to a change in the terms of the employment.

4. **Appeal and Error**, § 1802*—*when judgment reversed without remanding.* Where a judgment must be reversed as being entered on a wrong theory of the law, and the amount due plaintiff appears with certainty from the record, judgment will be entered in the Appellate Court for the amount which plaintiff is entitled to recover, and the cause will not be remanded.